## Transue v. O'Brien

*Harry A. Jacobowitz*, for plaintiff.
*Georgine A. Olexa*, for defendant Allentown Osteopathic Hospital.

GARDNER, *J.*, December 12, 1984—This medical-malpratice case is before the court on the motion of plaintiff to compel defendant hospital to answer interrogatories number 32(f) and (g) and to produce documents requested in paragraph 11 of plaintiff's request for production of documents. For the reasons stated herein we grant plaintiff's motion concerning documents.

Defendant provided answers to plaintiff's interrogatories number 31 and 32(a), (b), (c), (d) and (e) as follows:

"31. Do you have an insurance policy covering medical malpractice?

Yes.

32. If so, for each policy effective since August 1, 1981, state:

a. The name of the insurance company; Pennsylvania Hospital Insurance Co.

b. The policy number; 0469 and 0045.

c. The date on which the policy was signed; October 15, 1981.

d. The maximum amount of the policy; $5,000,000.

e. The scope of the policy; Professional liability."

However, plaintiff also seeks to compel answers to interrogatories number 32(f) and (g). Interrogatory 32(f) states:

"f. Whether the policy is subject to plaintiff's claim."

Defendant hospital responded:

"Will be supplied."

Interrogatory 32(g) states:

"g. If it is not subject to plaintiff's claim, why not?"

Defendant responded:

"Will be supplied."

Pa.R.C.P. 4003.2 provides, in pertinent part, that "[a] party may obtain discovery of the existence and terms of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment . . ." Interrogatories as to the existence of insurance, the name of the carrier and the *extent of liability* are proper. Szarmack v. Welch, 456 Pa. 293, 318 A.2d 707 (1974). We find that by requiring defendant to answer fully and completely interrogatories 32(f) and 32(g), all relevant insurance information, including the extent of coverage, will be supplied to plaintiff.

Plaintiff also seeks to compel production of the insurance policy itself. Plaintiff's request for production of documents states:

"The defendant, Allentown Osteopathic Hospital, pursuant to Pennsylvania Rules of Civil Procedure, Rule 4009, is hereby requested to produce . . . within 30 days the following documents . . . for copying, duplication and/or inspection

. . .

11. All insurance policies covering medical malpractice."

Defendant hospital responded:

"Information concerning malpractice insurance is an [sic] Answers to Interrogatories, previously filed."

Plaintiff has cited no authority, and our research has uncovered none, to require defendant to surren-

der its insurance policy to plaintiff. Accordingly, we will not direct defendant to produce its insurance policy or a copy of it.

The issues in this lawsuit are whether defendant doctor and hospital negligently treated plaintiff. One reason to permit interrogatories concerning the extent of plaintiff's insurance coverage is to facilitate settlement of cases. the existence of insurance is, however, irrelevant, and inadmissible at the trial on the merits of this case. Pa.R.C.P. 4003.2. See Szarmack v. Welch, supra.

If a controversy exists between plaintiff or defendant and defendant's insurance carrier concerning the applicability of defendant's policy to the facts of this case, that controversy may be litigated in a separate lawsuit. It may well be that the insurance policy would be subject to a motion to produce in such litigation, but not here. Accordingly, plaintiff is not entitled to production of defendant's insurance policy in this matter.

## ORDER

Now, this December 12, 1984 upon consideration of plaintiff's motion to compel the Allentown Osteopathic Hospital to answer interrogatories (Set no. 2), and motion to compel the Allentown Osteopathic Hospital to produce documents (Set no. 2), and for the reasons stated in the accompanying opinion, it appearing that plaintiff has withdrawn certain interrogatories and requests for production of documents,

It is ordered that plaintiff's interrogatories to defendant Allentown Osteopathic Hospital (Set no. 2) numbered 1 through 30 are withdrawn.

It is further ordered that plaintiff's request for production of documents and/or tangible objects

(Set no. 2), paragraph 1 through 10, and 12 are withdrawn.

It is further ordered that defendant Allentown Osteopathic Hospital provide full and complete answers to interrogatories number 32(f) and 32(g) of plaintiff's interrogatories to defendant Allentown Osteopathic Hospital (Set no. 2).*

It is further ordered that plaintiff's motion to compel the Allentown Osteopathic Hospital to produce documents (Set no. 2), requested in paragraph 11 of plaintiff's request for production of documents (Set no. 2) (pertaining to all insurance policies covering medical malpractice), is denied.

---

*Defendant hospital has sufficiently answered interrogatories number 31 and 32(a), (b), (c), (d) and (e).